*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 12, 2024
12:19 PM

Plaintiff-Appellee,

v

No. 367626
Kent Circuit Court
LC No. 23-000577-FH

DONTAY PIERRE ROBINSON,

Defendant-Appellant.

Before: CAMERON, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

After the police stopped defendant, Dontay Pierre Robinson, for rolling through a stop sign, officers saw an open bottle of tequila in the back seat of defendant's rental vehicle. After seizing the bottle of tequila and detaining defendant, officers returned to defendant's vehicle to conduct a thorough search that turned up a small amount of cocaine. Defendant was charged with possessing less than 25 grams of cocaine under MCL 333.7403(2)(a)(*v*), and he moved to suppress the cocaine seized during the thorough search of his vehicle, but the trial court denied defendant's motion to suppress. Defendant appeals that ruling by leave granted.[1] We conclude that the trial court erred as a matter of law when it approved the thorough search of defendant's vehicle, so we remand the case and direct the trial court to enter an order suppressing the cocaine found in that search.

## I. FACTUAL BACKGROUND

In the early morning hours on December 29, 2022, defendant was stopped by the police for rolling through a stop sign. While one officer ran defendant's information, two other officers used flashlights to look into the back seat of the vehicle. One officer, Shaun DeWent, observed an open bottle of Patron on the back seat and then ordered defendant to get out of the vehicle. Officer Ryan

---

[1] *People v Robinson*, unpublished order of the Court of Appeals, entered February 13, 2024 (Docket No. 367626).

Johnson then "took [defendant] into custody," placing defendant in handcuffs and taking him back to a patrol car.

Officers DeWent and Johnson went back to the vehicle to search for other open containers of alcohol in the passenger compartment. During that search, the officers thoroughly searched the passenger compartment, lifting up items and moving around shoes on the floorboard. Finally, the officers looked under a floormat and in the floorboard/running board area, where Officer DeWent found a small, rock-like substance on the passenger's side of the vehicle. Officer Johnson put the rock-like substance in a bag after a field test indicated that it was cocaine.

Defendant was charged with possession of cocaine, and he moved to suppress the rock-like substance that an officer found during the search of the vehicle. The trial court held an evidentiary hearing on June 14, 2023, and denied the suppression motion in a ruling from the bench, reasoning that the officers conducted a valid stop of defendant's vehicle for a traffic violation, saw a bottle of liquor in plain view during the traffic stop, and then found the rock-like substance in plain view during a search of the vehicle based upon probable cause. Defendant filed an application for leave to appeal the trial court's denial of the suppression motion, stating that the police officers exceeded the scope of a permissible search for additional open containers of alcohol. On February 13, 2024, this Court granted that application. *People v Robinson*, unpublished order of the Court of Appeals, entered February 13, 2024 (Docket No. 367626).

## II. LEGAL ANALYSIS

On appeal, defendant argues, first and foremost, that the "[o]fficers exceeded the scope for the search for additional open containers in [defendant]'s vehicle when they continued their search after it was clear there were no additional open containers in the vehicle and when they searched areas where there was no logical reason to believe an additional open container would be found." This Court reviews "for clear error a trial court's factual findings in a ruling on a motion to suppress evidence." *People v Clark*, 330 Mich App 392, 415; 948 NW2d 604 (2019). A factual finding is clearly erroneous if "this Court is left with a definite and firm conviction that the trial court made a mistake." *Id*. In contrast, "a trial court's ruling on a motion to suppress[,]" and "the underlying constitutional issues, including whether a Fourth Amendment violation occurred, are reviewed de novo." *People v Moorman*, 331 Mich App 481, 484-485; 952 NW2d 597 (2020).

"[T]he United States and Michigan Constitutions guarantee the right against unreasonable searches and seizures." *People v Armstrong*, 344 Mich App 286, 295; 1 NW3d 299 (2022), citing US Const, Am IV; Const 1963, art 1, § 11. Searches and seizures conducted without a warrant are "per se unreasonable, subject to several well-delineated exceptions." *Moorman*, 331 Mich App at 485. The government bears the burden of showing that an exception to the warrant requirement applies to the search and seizure. *People v Cartwright*, 454 Mich 550, 561; 563 NW2d 208 (1997). Even if an exception to the warrant requirement applies, the search itself must still be reasonable. *Id*. at 558. "Reasonableness is measured by examining the totality of the circumstances" and "is a fact-intensive inquiry that does not lend itself to resolution through the application of bright-line rules." *People v Williams*, 472 Mich 308, 314; 696 NW2d 636 (2005) (quotation marks omitted). With these principles in mind, we must turn to defendant's argument.

Defendant quite properly does not challenge the seizure of the open bottle of Patron, which the officers found in plain view as they looked from the outside of the vehicle into the interior with flashlights. As this Court stated in addressing a similar circumstance: "The trial judge also found Officer Perry's use of a flashlight to look into the car unobjectionable, and properly so; mere use of a flashlight does not constitute a search when the objects revealed would be visible in ordinary daylight, and the plain view rule applies in either case." *People v Edwards*, 73 Mich App 579, 583; 252 NW2d 522 (1977). Instead, defendant argues that probable cause to further inspect his vehicle for open containers of alcohol did not support a search of locations in the vehicle where a container could not be concealed. We agree.

A search of a car "without a warrant pursuant to the automobile exception is strictly limited in scope by the objects of the search and the places in which there is probable cause to believe they may be found[.]" *People v Bullock*, 440 Mich 15, 25; 485 NW2d 866 (1992). Here, the officers who conducted the search of defendant's vehicle were looking for another bottle that contained an alcoholic beverage, yet their search extended to areas of the vehicle that could not conceal a bottle. Specifically, the officers thoroughly searched the entire passenger compartment, lifting up items and moving around shoes on the floorboard. Finally, the officers searched under a floormat and in the "floorboard/running board area," where Officer DeWent found a small, rock-like substance that formed the basis for the charge against defendant. Because that vehicle search included places in which a bottle could not be located, the search exceeded the permissible scope of an automobile search, as defined by *Bullock*, 440 Mich at 25. As a result, the trial court erred as a matter of law in denying defendant's motion to suppress the small, rock-like substance found during that search, so we must reverse the trial court's ruling and remand the case for entry of an order of suppression.

Reversed and remanded for entry of an order suppressing the cocaine. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Christopher P. Yates